IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 15-30035 |
| ) | |
| RALPH DAVID HATHAWAY, ) | |
| ) | |
| Defendant. ) | |

OPINION
---

RICHARD MILLS, U.S. District Judge:

Defendant Ralph David Hathaway was charged by indictment with transportation of a minor with intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a) (Count 1); and interstate travel with intent to engage in sexual conduct, in violation of 18 U.S.C. § 2423(b) (Counts 2 and 3).

On September 30, 2016, following a five-day jury trial, the jury returned a verdict of guilty on all counts in the indictment.

Pending are a number of post-trial motions, the first of which was prepared by counsel on the Defendant's behalf. The Defendant has also

filed several pro se motions.

The Court concludes that an evidentiary hearing is not warranted as to any of the motions.

## I. Defendant's Post-Trial Motions

The first post-trial motions [Doc. No. 109] were filed with the assistance of counsel and contain three separate requests for relief: (1) motion for judgment of acquittal under Federal Rule of Criminal Procedure 29(c)(2); (2) motion in arrest of judgment under Federal Rule of Criminal Procedure; and (3) motion for a new trial pursuant to Federal Rule of Criminal Procedure 33. As directed, the Government filed a response [Doc. No. 11] to the Defendant's post-trial motions.

A. Motion for judgment of acquittal

A defendant is authorized to move for a judgment of acquittal within fourteen days after a guilty verdict. See Fed. R. Crim. P. 29(c)(1). The Defendant asks the Court to set aside the jury's verdicts and acquit him on all counts, pursuant to Rule 29(c)(2).

The Court must consider whether "evidence exists from which any

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt," which is almost an "insurmountable hurdle" for a defendant. United States v. Hach, 162 F.3d 937, 942 (7th Cir. 1998). The Court views the evidence in a light most favorable to the Government. See id.

In support of the motion, the Defendant claims that although he engaged in sexual acts with the minor victim, L.H., before learning she was 18, he did not engage in sexual activity with her after learning her actual age. The Defendant alleges that the Government's evidence of uncharged sex acts "provided a psychological influence to the jurors that could not be overcome by facts or the truth."

The Defendant also alleges that the evidence established that sexual activity was not the primary purpose of the Defendant's multiple trips to South Carolina to visit L.H. Both the Defendant and L.H. testified that sex was not the purpose.

When the evidence is viewed in a light most favorable to the Government, the Court concludes that a rational juror could find beyond

a reasonable doubt that the Defendant committed each of the three counts. L.H. testified that she told the Defendant her actual age, 13, in August of 1999. L.H. testified about instances–both before and after the disclosure of her true age to the Defendant–in which the Defendant engaged in sexual intercourse with her. The minor victim testified regarding the timeline of her two-year sexual relationship with the Defendant, including the specific occurrences charged in the indictment.

The Government also presented medical testimony from Nurse Practitioner Geri Archibald, as well as DNA evidence from Forensic Analyst Tarah Brown, which corroborated L.H.'s testimony. Other evidence corroborated L.H.'s testimony, including testimony from L.H.'s father Don Hargat; clinical psychologist Dr. Myra West; Pike County Sheriff's Office Sgt. David Greenwood; Sgt. Chris Bosley of the St. Charles County Cyber Crime Task Force; FBI Special Agents Joe Raschke, Terry Moody, Elizabeth Hadley and Rob Krivanek; San Mateo Police Detective Amanda Von Glahn; FBI Intelligence Analyst Holly Richard; and L.H.'s uncle Jason Lappano. The Defendant's internet searches and social media activity also

corroborated L.H.'s testimony and inculpated the Defendant.

The Defendant and his wife testified that he met L.H. through an adult internet site, wherein L.H. portrayed herself as a college student. The Defendant testified he did not engage in sexual activity with L.H. after learning of her true age. The jury was entitled to reject this evidence.

The jury heard all of the evidence presented by the Government and the Defendant and decided that (1) contrary to the Defendant's claims, he was aware of the victim's minor status when he had sexual intercourse with her in October 2013 and April 2014; and (2) contrary to the Defendant's claims, he did have sexual intercourse with the minor-victim on June 6, 2015.

The Government presented extensive evidence as to each count, which the jury was entitled to credit. The jury was entitled to reject the Defendant's testimony that he drove from Missouri to South Carolina to "rescue" the Defendant because he was concerned about her. Moreover, the jury was entitled to discredit the Defendant's explanation that his DNA was found on the victim's underwear due to her touching him against his

wishes, causing him to ejaculate against his wishes, and cleaning it up with her underwear.

Based on the evidence presented, the jury was entitled to reasonably infer that the Defendant's primary purpose for transporting the minor to Missouri and in traveling to South Carolina was to engage in sexual activity with L.H.

Upon considering all of the evidence presented in Court and, viewing the evidence in a light most favorable to the verdict, the Court concludes that a sensible person was permitted to find beyond a reasonable doubt that the Defendant committed each of the three crimes, as alleged in the Indictment.

B. Motion in arrest of judgment under Rule 34

Rule 34(a) of the Federal Rules of Criminal Procedure provides, "Upon the defendant's motion or on its own, the court must arrest judgment if the court does not have jurisdiction of the charged offense." The Defendant does not raise any specific issue with respect to jurisdiction and, upon reviewing the record, the Court concludes that there are no

jurisdictional deficiencies.

Accordingly, the Defendant's motion to arrest judgment will be denied.

C. Motion for a new trial under Rule 33

Rule 33(a) of the Federal Rules of Criminal Procedure provides in pertinent part, "Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."

Rule 33(b)(2) states, "Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."

In support of the motion for a new trial, the Defendant reiterates his position that the evidence was insufficient to sustain the convictions as to any of the counts. The Defendant claims that the convictions result in a clear injustice and, pursuant to Rule 33, should be set aside and a new trial granted.

For the reasons previously stated, the Court concludes that the guilty verdicts on each count are supported by sufficient evidence. Accordingly,

the interest of justice does not require granting a new trial as to any of the counts. The Defendant's motion as to Rule 33 will be denied.

Based on the foregoing, the Defendant's post-trial motions will be denied.

## II. Defendant's Pro Se Motions

### A. Motion to challenge

The Defendant has also filed a pro se motion to challenge [Doc. No. 112]. In the motion, the Defendant states that he met the minor victim on an adult website. He claims L.H.'s profile stated that she was 18-years old. Upon interacting with the minor victim on a social networking website, moreover, the Defendant alleges he and his wife were shown forms of identification showing that L.H. was 18-years old.

In his motion, the Defendant describes extensive interaction with the then-13 year old in June and August of 2013. The Defendant then describes a courtship and proposal of marriage from October 2013 through June 2014, at which time L.H. was 14-years old. The Defendant states it was in June 2014 when L.H. disclosed her actual age. Moreover, the

Defendant discusses subsequent developments, including traveling to meet with L.H.'s father the following month and traveling to South Carolina in June 2015 to transport L.H. to Missouri after, according to the Defendant, L.H.'s father kicked her out of the house and told her to make it on her own.

The jury heard all or virtually all of the statements relating to each count that the Defendant makes in his motion to challenge. However, the jury was not required to believe the account presented by the Defendant and his wife. The jurors were also able to observe the appearance and demeanor of L.H.–who had turned 17 approximately three weeks earlier–more than two years after the Defendant says she revealed her actual age (and more than three years after L.H. claims she told the Defendant her true age). The Government presented extensive evidence from which a rational juror could have found each of the elements as to each count beyond a reasonable doubt. The jury was entitled to credit this evidence and reject the Defendant's testimony and evidence.

The Defendant's motion goes on to discuss a number of pre-trial

proceedings, including issues he has had with counsel and his assertion that his request for a speedy trial was not honored. The Court notes that the Defendant had three different attorneys while this action was pending. The Federal Public Defender's Office represented the Defendant from August 27, 2015 to March 1, 2016. Attorney G. Ronald Kessinger represented the Defendant from March 1, 2016 to April 18, 2016. Attorneys Jon Noll and Abby Sgro represented the Defendant beginning April 18, 2016. The jury trial commenced on September 26, 2016. The Court notes that a number of motions–including several pro se motions filed by the Defendant– were pending prior to trial. For that reason and because this case has involved extensive discovery, as stated in motions to continue [Doc. Nos. 14, 15 & 60][1], and given the amount of turnover among counsel, the Court concludes there was no violation of the Speedy Trial Act. See 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A) & (h)(7)(B)(iv).

---

[1]In a motion to continue filed on May 31, 2016, counsel (who had represented the Defendant for approximately six weeks at that time) states that discovery consists of "approximately 27,000 pages" and there have been logistical issues reviewing this discovery with the Defendant because he was in custody prior to trial. See Doc. No. 60, at 1.

Accordingly, the Defendant's motion to challenge will be denied.

B. Motion for records

The Defendant has filed a motion for records [Doc. No. 113], wherein he requests "all transcripts, affidavits, bill of exceptions, and mandatory records for preparation of appeals." The Defendant also states he was only able to view "a brief portion of discovery."

The Defendant is currently represented by counsel and should direct those requests to counsel. The Court further notes that the Defendant's sentencing date is more than two months away and the time for filing an appeal will be after judgment is entered following sentencing.

The Defendant's motion will be denied.

C. Motion for substitution of judge

The Defendant has filed a pro se motion for substitution of judge [Doc. No. 114]. It appears that Defendant states that his previous counsel did not file certain pro se pleadings that were delivered to counsel for filing. The Defendant's motion states that he was told that "Judge Mills will give you the max and he dislikes Defendants filing motions on their own

behalf." The Defendant also complains that the district judge has not held hearings or adequately ruled on the Defendant's pro se motions. However, the Court has held a hearing and/or directed a response on motions filed by counsel.

The Defendant further states, "Judge's intimidation and coercion along with counsel's direction that any more paperwork filed by Defendant would anger judge caused Defendant to withdraw packet identified in court still sealed which contained copies of documents which prior counsel's were given to submit and was discovered to not be on docket." The Defendant further states that the Court exerted itself into pretrial hearings, which suggests bias.

The Defendant also questions the loyalty of public defenders and court-appointed attorneys "because they are government paid" and "owe the court their allegiance and loyalty over the client." The Defendant claims that if he had the assistance of a vigorous advocate who had investigated his claims and assisted the Defendant, the charges would have been dismissed prior to trial.

The Defendant further claims that the Court did not remove a juror that "slept during expert testimony and nodded off during the course of the trial."

The Defendant requests that another judge be substituted for the undersigned for the remainder of the case and that, if a new judge is substituted, the case be reviewed from the beginning to determine if prejudice occurred.

Upon reviewing the record, the Court does not believe that the Defendant has demonstrated any bias on the part of the Court. In every criminal trial, the Court's primary goal is to ensure that a defendant's constitutional rights are protected and a fair trial is conducted. The Court recognizes that a defendant may not agree with all of the Court's pretrial rulings (just as he may not agree with counsel's advice). However, this does not mean that a new judge should be appointed.

Because the Defendant has not provided any basis for the Court's recusal or substitution of another judge, the Court will deny the motion.

D. Motion for discovery

The Defendant has also filed a motion for discovery [Doc. No. 115]. He claims that his previous requests for full discovery have been ignored by the Court and or counsel.

This case has involved extensive discovery. In a motion to continue filed on October 13, 2015, the Defendant's first attorney states that "discovery is voluminous and the defense [h]as not been able to show Mr. Hathaway even a majority of it." See Doc. No. 14. In a motion to continue filed on December 4, 2015, the Government states that "[d]iscovery immediately commenced upon arraignment, and the government has since made four discovery disclosures to the defendant, totaling over 21,000 pages of records." See Doc. No. 15.[2] In the motion to continue filed by trial counsel on May, 31, 2016, the Defendant states:

> Discovery in this case is voluminous, amounting to approximately 27,000 pages, and defense counsel has faced logistical challenges in reviewing it with the Defendant due to his incarceration. While the Defendant has been able to view

---

[2] The Government also requested a continuance at that time in order to conduct DNA testing to determine if the Defendant had sexual intercourse with the minor victim on or about June 6, 2015.

some discovery that process is ongoing.

See Doc. No. 60. The Court is uncertain as to whether the logistical issues were overcome and the Defendant was able to view all relevant discovery. Presumably, the Defendant had sufficient access because he has consistently requested a speedy trial as, for example, he did in a pro se motion to bar and approve filed on September 14, 2016. Doc. No. 82. The Defendant cannot have it both ways.

Most of the items sought by the Defendant in his motion for discovery would, if relevant at all, be relevant during the trial phase of the case. The Court presumes that most of the discovery requests are part of the thousands of pages of discovery that the Government turned over to the Defendant prior to trial. The jury trial has concluded and the Defendant has not demonstrated cause to have access to these materials at this stage.

The Defendant's motion for discovery will be denied.

E. Application for a writ of habeas corpus

The Defendant has filed a pleading that he labels as an application for a writ of habeas corpus. The Court construes the application as a motion

to dismiss for a violation of the Speedy Trial Act. Because the Defendant has not yet been sentenced, his conviction is not yet final. Following his sentence, the Defendant will have a right to appeal and collaterally attack his sentence.

The Defendant again contends that his right to a speedy trial was violated. The Defendant's rights were not violated. All of the extensions were excluded under the Speedy Trial Act. Some continuances were requested by counsel in order to review voluminous discovery. In those instances, the Court found that the ends of justice served by granting a continuance outweighed the best interest of the public and the Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). Other periods were excluded because of pretrial motions that were filed and were pending–including a number of pro se motions filed by the Defendant. Such periods of delay are excluded under § 3161(h)(1)(D).

The Court further notes that the jury trial commenced approximately five months after the Defendant's attorneys who represented him at trial were appointed under the Criminal Justice Act. Given the volume of the

record in this case, the Court observes that is an exceedingly fast pace as the Defendant requested.

The Defendant's motion to dismiss is without merit and will be denied.

Ergo, the Defendant's Post Trial Motions–a Motion for Judgment of Acquittal, a Motion in Arrest of Judgment and a Motion for a New Trial–[d/e 109] are DENIED.

The Defendant's Pro Se Motion to Challenge [d/e 112] is DENIED.

The Defendant's Pro Se Motion for Records [d/e 113] is DENIED.

The Defendant's Pro Se Motion for Substitution of Judge [d/e 114] is DENIED.

The Defendant's Pro Se Motion for Discovery [d/e 115] is DENIED.

The Defendant's Application for Writ, which is construed as a Motion to Dismiss [d/e 116], is DENIED.

ENTER: November 29, 2016

FOR THE COURT:

                                               /s/ Richard Mills
                                              Richard Mills
                                              United States District Judge