IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 15-30035 |
| ) | |
| RALPH D. HATHAWAY, ) | |
| ) | |
| Defendant. ) | |

OPINION

RICHARD MILLS, United States District Judge:

Pending is Defendant Ralph D. Hathaway's *pro se* motion for return of property under Rule 41(g) of the Federal Rules of Criminal Procedure.

The Defendant has filed a number of other *pro se* motions.

Upon reviewing the Defendant's motion and other filings and the Government's response and evidence submitted in support, the Court concludes that an evidentiary hearing is not necessary.

For the reasons that follow, the Defendant's *pro se* motion for return of property is denied.

I.  BACKGROUND

Defendant Ralph D. Hathaway is serving a 400-month sentence, following convictions for knowingly transporting a minor across state lines to engage in

1

criminal sexual activity and two counts of traveling between states to do the same, pursuant to 18 U.S.C. § 2423(a), (b).

The Government presented evidence that Defendant carried on a sexual relationship with the minor-victim, LH, from 2013 to June 2015. At the outset, the Defendant was 44-years-old and LH was 13-years old. The Defendant made multiple trips from his residence in Illinois to South Carolina for the purpose of engaging in sexual intercourse with LH. On June 6, 2015, the Defendant also transported LH from South Carolina over state lines, for purposes of engaging in criminal sexual activity. He was ultimately arrested and held in custody beginning on July 27, 2015.

Before his trial, the Defendant filed a number of motions, some of which were *pro se* even though he was always represented by counsel. One motion (filed by counsel on the Defendant's behalf) was a motion to dismiss the indictment [Doc. No. 62], in which the Defendant claimed that the Government seized a silver HP laptop computer and black hard drive that contained exculpatory evidence. The Defendant claimed the evidence was destroyed or misplaced by the Government. In its response [Doc. No. 71] to the Defendant's motion, the Government stated that multiple laptops seized from the Defendant were returned to Defendant's wife. The

Government further noted that the single hard drive which it seized was digitally copied and made available to the Defendant on or about June 7, 2016.[1]

The Court held a hearing on the motion to dismiss and other motions on August 17 and 18, 2016. At the hearing, the Defendant did not challenge that the laptops were returned to his wife or that the hard drive was made available to him. The Government filed a post-hearing brief and the Court denied the Defendant's motion, stating, "It is unknown what happened to the items which are alleged to be missing. However, there is no evidence that the items were ever in the possession of the federal government." Doc. No. 73, 3-4.

Prior to the Defendant's April 2017 sentencing hearing, the Defendant filed *pro se* motions under Rule 41(g) of the Federal Rules of Criminal Procedure for the return of property allegedly seized during the investigation. *See* Doc. Nos. 120, 121. Neither the Court nor the Government addressed the Defendant's motions at sentencing.

Following his direct appeal, in August 2018, the Defendant filed another *pro se* motion for return of property pursuant to Rule 41(g). *See* Doc. No. 178. The Government did not file a response. On October 10, 2018, the Court denied the

---

[1] The Government has submitted evidence that, on June 14, 2016, it physically provided hard drive to the Defendant, through his counsel.

motion on the basis that Defendant would not be able to possess such materials while in the custody of the Bureau of Prisons.

On October 22, 2018, the Defendant filed a motion for reconsideration, clarifying that he was not requesting that the property be sent to him in prison, but to a family member who was then residing in the State of Illinois. *See* Doc. No. 179. In a Text Order dated November 5, 2018, the Court denied the motion for reconsideration, stating (incorrectly) that the Defendant's motion for return of property had been addressed at the April 2017 sentencing and need not be revisited.

On November 26, 2018, the Defendant filed a timely notice of appeal.

On appeal, the Government asked the appellate court to vacate the October 10 and November 5, 2018 Orders and remand the case to this Court to address the factual questions necessary to resolve the Defendant's motion for return of property. "The court must receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g).

The Seventh Circuit granted the Government's motion for remand and remanded the case for reconsideration in light of position taken in the Government's motion.

The Defendant has filed several motions relating to the return of property. On August 22, 2018, the Defendant sought the return of the following various items:

- Adult novelty items (seven items enumerated);

4

- Medication (five items enumerated);

- Bedding (two items enumerated);

- One laptop computer;

- One external hard drive;

- Six notebooks;

- Surveillance system supplies (described as one "[g]rey small notebook-type with metal silver casing Acer (or) HP");

- Four manuscripts authored by the Defendant; and

- Printouts of all communications and letters from the victim to the Defendant.

## II. DISCUSSION

The Defendant has filed a *pro se* motion to admit affidavits. The Court has considered the affidavits and witness statements of his family members and friends, which relate to events which he claims occurred in June and July of 2015.

The Government states it is not in possession of any of the items sought by the Defendant. Many of the items have never been in its possession. Some of the items were in the Government's possession, but were later returned to the Defendant's family or used as evidence at trial. Two of the items were reported by the Defendant as having been taken in an alleged burglary prior to his arrest.

A. <u>Items alleged to have been seized</u>

The Government claims it inventoried 34 pieces of evidence for potential use at trial. Some of these were items discovered during executions of search warrants. Others were voluntarily provided by LH or other parties related to the case. Each piece of evidence was inventoried by the Federal Bureau of Investigation (FBI). Relying on the affidavit of case agent Robert J. Krivanek, who on August 31, 2016, conducted a review of all evidence collected and inventoried by the FBI during the investigation of the Defendant, the Government identified all of the evidence by inventory number as follows:

- 1B1: Piece of LH's clothing;
- 1B2: Piece of LH's clothing;
- 1B3: Interview notes from forensic interview of LH;
- 1B4: Paper copy of forensic medical examination of LH;
- 1B5: CD containing pictures of jewelry given to LH by the Defendant;
- 1B6: DVD containing the audio/video recording of LH's forensic interview;
- 1B7: Sexual assault medical examination kit;
- 1B8: Motorola smartphone belonging to LH;
- 1B9: Toshiba laptop belonging to LH, s/n 9B098068;
- 1B10: Nextbook belonging to LH, s/n YEG01150165016502;
- 1B11: Red Eclipse MP3 player belonging to LH;
- 1B12: Blue iPod nano MP3 player belonging to LH;

- 1B13: Blue and white iPod stand belonging to LH;

- 1B14: LG flip style cellular phone;

- 1B15: Black HP laptop computer, s/n 5CD4261PM9;

- 1B16: Black HP laptop computer, s/n 5CD44698YL;

- 1B17: Alcatel cellular Trac phone;

- 1B18: Windows XP desktop computer tower, product key F8783-J878D-FYXQD-YKFDC-D8623;

- 1B19: Dell desktop computer tower, service tag 65J4HG1;

- 1B20: HP desktop computer tower, s/n MXX0500RZK;

- 1B21: Motorola cellular smartphone, s/n IHDP56NA1;

- 1B22: Letter from SKYPE to the Defendant;

- 1B23: One (1) day planner calendar and two (2) journals;

- 1B24: Forensic image of seized device on an FBI storage device;

- 1B25: Western Digital external hard drive device (HDD), s/n WCAU4D117319, and power chord;

- 1B26: Nickelodeon Victorious notebook;

- 1B27: One (1) black video camera carrying case and one (1) Samsung video camera, s/n 120P6076;

- 1B28: Black and red duffel bag containing clothing;

- 1B29: White plastic garbage bag containing female clothing;

- 1B30: one (1) small Bible, one (1) white pouch containing a rosary, one (1) green turtle trinket/key chain

- 1B31: CD containing search warrant photographs;
- 1B32: Forensic image of seized device on an FBI storage device;
- 1B33: Forensic image of seized device on an FBI storage device;
- 1B34: Buccal DNA swab kit.[2]

The Government claims that, except for the items listed above, there was no additional evidence seized by law enforcement and inventoried by the FBI as part of the investigation in this case.

The Government further states that Defendant's itemized list of property [Doc. No. 178] includes many items never collected or seized by the Government. The following property was never in the Government's possession: adult novelty items (identified by Defendant as "TRUTH/DARE," "CARD GAME," "DILDO," "VIBRATOR," "LUBRICATING GEL," "CLEAN GEL," and "SYRINGE"); medications (identified by the Defendant as Viagra, Cialis, pain killers, muscle relaxer, and "Inflammatory"); bedding (identified by the Defendant as white sheets and a gray wolf-imaged blanket); four manuscripts authored by the Defendant; and printouts of all communications and letters from the victim to the Defendant.[3]

---

[2] In his petition to file an interlocutory appeal, the Defendant states that the Government has not produced a list of the items seized as part of the investigation. However, the Government did produce the list of 34 items noted here and on pages 9-11 of the Government's response [Doc. No. 187].

[3] The Court agrees with the Government's assertion that, to the extent that the Defendant seeks printouts of communications and letters from the victim to the Defendant, there is no legal basis to provide such printouts even if they are in the Government's possession. Such communications would be considered contraband and evidence of a crime. Moreover, to the extent that these communications were found on

Because the Court finds that these objects were never in the Government's possession, the Defendant's motion as it relates to these items is denied.[4]

B. Other items

The Government next alleges that, the remaining items sought by the Defendant are no longer or never were in the Government's possession. Upon comparing the Defendant's enumerated list to the inventoried evidence, the only items sought by the Defendant that could reasonably be construed as having been in the Government's possession include the following: one laptop computer, one external hard drive, six notebooks, and surveillance system supplies ("[g]rey small notebook-type with metal silver casing Acer (or) HP"). The Government claims none of those items are in its possession.

(1)

Regarding the laptop computer, the Government seized and inventoried the following items:

- 1B9: Toshiba laptop belonging to LH, s/n 9B098068;
- 1B15: Black HP laptop computer, s/n 5CD4261PM9; and

---

storage device(s) of LH, or alternatively, provided by Internet Service Providers directly, the Defendant is not entitled to possess them.

[4] The Government states that several of the items listed in the motion for return of property [Doc. No. 178] as being in the Government's possession are also referenced in his December 23, 2016 motion [Doc. 120] as items the police did not take from Defendant's property. Specifically, the Defendant states as follows: "1. On June 10, 2015, officer took items from residence and left some gathered items behind. 2. No inventory or receipt of all items taken was received. 3. 2 bags of clothes, adult novelties, adult games, and officer[']s card was left behind." Doc. No. 120, at 2. The Government states that any allegation that police subsequently seized the adult novelties and adult games would be incorrect.

- 1B16: Black HP laptop computer, s/n 5CD44698YL.

Because the item described as 1B9 belongs to LH, the Defendant would have no right to that computer. The only other two laptop computers seized by the Government were returned on November 2, 2016 to the Defendant's family. The Defendant's wife signed an FBI Receipt of Property Form, which is attached as Exhibit 2 to the Government's response, and which provides that the computers were returned to her. Given that the Government no longer possesses any laptop computer associated with this case, the Defendant's motion is denied to the extent that it relates to the laptop computer.

(2)

The Government notes that it seized one external hard drive, identified as 1B25 (Western Digital external HDD, s/n WCAU4D117319). A forensic review of the device revealed that it contained electronic images of LH. Therefore, the Government did not turn the device over to the Defendant or his family. The FBI Computer Forensic Examiners made a digital image of the device to a new hard drive, removing any images of LH. The new hard drive (i.e., the device that contained a partial digital image of the Defendant's hard drive), was a Western Digital, 2.0 terabyte hard drive, serial number WMAY02570739, model number WD2003FYYS-02W080. On June 14, 2016, the Government provided that device to the Defendant through his attorney. This assertion is supported by Agent

10

Krivanek's affidavit. Attached also to the Government's response is an FBI Receipt for Property, providing that the hard drive was released to the Noll Law Office on June 14, 2016. The device was never returned to the FBI. On October 23, 2018, following the Defendant's initial appeal, the Defendant's original hard drive seized by the Government was destroyed. Given that the actual external hard drive has been destroyed and the Government no longer possesses the non-contraband image of the hard drive, the Defendant's motion is denied to the extent it relates to the external hard drive.

(3)

The Government claims that, while it did seize items that could be construed as "notebooks," it seized less than six. Those items include the following:

- 1B23: One (1) day planner calendar and two (2) journals; and
- 1B26: Nickelodeon Victorious notebook.

As noted on the Exhibit List [Doc. No. 105], the item listed as 1B26 was used as evidence at trial as Government Exhibit 20. The items listed as IB23 were returned to the Defendant's family via Federal Express on June 26, 2018, as shown in Exhibit 4 to the Government's response. Because none of the six notebooks are in the Government's possession, this portion of the Defendant's motion is denied.

(4)

The Government states it did not seize the property the Defendant identifies as "surveillance system supplies" ("[g]rey small notebook-type with metal silver casing Acer (or) HP"). The Defendant appears to imply that the item in question is a tablet-like electronic device. The Government claims no such item belonging to the Defendant was ever in its possession. The only items seized and inventoried by the Government that could potentially be construed as a "notebook type" or other computer device are the items previously labeled as 1B15; 1B16; 1B18; 1B19; 1B20; 1B21 and 1B27. This list also encompasses desktop related items, which are apparently unrelated to the surveillance system. As reflected in Exhibit 2, the receipt for property signed by the Defendant's wife, the items were returned to the Defendant's family on November 2, 2016. Accordingly, the Defendant's motion is denied to the extent it relates to the surveillance system supplies.

C. <u>Items alleged to have been stolen</u>

The Defendant was first contacted by police in connection with this case on June 6, 2015. He was not immediately detained, however, and the investigation continued. On July 22, 2015, the Defendant was removed from his home and placed in a mental health facility after making potentially suicidal statements. Doc. No. 155, at 38-39. He remained in that facility until July 24, 2015. *Id.* Upon his release, the Defendant reported to police that, at some point between July 22 and 24, 2015, his home was burglarized. *Id.* at 40. As part of that report, the Defendant claimed

that a laptop computer and computer tablet were stolen. This is reflected in Exhibit 5 to the Government's response, a Lincoln County, Missouri, Sheriff's Office Statement Form, Ralph Hathaway. The Defendant's motion to dismiss [Doc. No. 62] and the hearing on August 17-18, 2016 [Doc. No. 155, 156] addressed this issue. The Court found that the Government was never in possession of these items.

D. Defendant's other *pro se* motions

The Defendant has filed a *pro se* motion [Doc. No. 186] requesting that Attorneys Jon Gray Noll and Keri A. Ambrosio turn over the case file. Ms. Ambrosio represented the Defendant on appeal. Presumably, Mr. Noll turned the case file over to her upon withdrawing from the case following the Defendant's notice of appeal. In a subsequent pro se motion for attorney information [Doc. No. 188], the Defendant states that Ms. Ambrosio did send a disk to the Defendant in response to his request for the case file. The Defendant states that neither he nor prison staff were able to access any files. That would appear to be an issue for an information technology professional. In any event, the Defendant's appeal has concluded and he has not demonstrated a need for the entire case file in connection with this proceeding.

The Defendant's *pro se* motion for default [Doc. No. 189] will be denied, given that the Government did file a timely response [Doc. No. 187] to the Defendant's motion for return of property.

The Defendant has filed a *pro se* motion for order [Doc. No. 190], asking the Court to compel the Financial Litigation Unit of the United States Attorney's Office to produce the records and balance of the Defendant's restitution order. The Government has filed a Satisfaction of Criminal Judgment [Doc. No. 191] stating that the Monetary Judgment has been paid in full. Accordingly, the Defendant's request is moot.

The Defendant has filed a *pro se* motion for records [Doc. No. 194]. He requests all Rule 41(g) documents (presumably his motion for return of property and any pleadings related to that motion) and restitution documents. The Defendant says the copies he made were taken during a shakedown and he has been unsuccessful in retrieving them. The Court will direct that another copy of the Satisfaction of Judgment be sent to the Defendant. He will also receive a copy of this Order on his motion for return of property. However, the Court declines to send all of the Defendant's pleadings which relate to his motion for return of property.

## III. CONCLUSION

Upon reviewing the record, the Court concludes that none of the property sought by the Defendant is available to be returned. The items were either never in possession of the Government or were in its possession but returned to the Defendant's family or were used as evidence at trial. A laptop computer and computer tablet were previously reported as stolen by the Defendant.

Consistent with the requirements of Rule 41(g), the Government has submitted evidence in the form of exhibits which are attached to its response to the Defendant's motion. The evidence includes FBI Agent Krivanek's affidavit, the FBI Receipt for Property received by Rachel Hathaway on November 2, 2016, the FBI Receipt for Property received by the Noll Law Office, the Receipt for Property received by Rachel Hathaway on June 27, 2018 and the Lincoln County, Missouri, Sheriff's Office Statement Form of Ralph D. Hathaway dated July 24, 2015. These exhibits support the assertions in the Government's response. Based on the Government's supporting evidence, the Court finds that an evidentiary hearing is not necessary.

Ergo, the Defendant's *pro se* motion for return of property [d/e 178] is DENIED.

The Defendant's *pro se* motion for reconsideration [d/e 179] is DENIED.

The Defendant's *pro se* motion to admit affidavits [d/e 185] is GRANTED.

The Defendant's *pro se* motion to compel counsel to turn over the case file [d/e 186] and motion for attorney information [d/e 188] are both DENIED, as appellate counsel has attempted to turn over the case file.

The Defendant's *pro se* motion for default [d/e 189] is DENIED.

The Defendant's *pro se* motion for order [d/e 190] will be Terminated as moot, pursuant to the Satisfaction of Criminal Judgment. The Clerk will send the Defendant a courtesy copy of the Satisfaction of Criminal Judgment [d/e 191].

The Defendant's *pro se* motion for records [d/e 194] is DENIED.

The Defendant's *pro se* petition for leave to file an interlocutory appeal [d/e 195] is terminated as premature.

ENTER: June 21, 2019

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge