UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:15-cr-30035-SLD-KLM |
| | ) |
| RALPH DAVID HATHAWAY, | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court are Defendant Ralph David Hathaway's *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), ECF No. 205, his supplemental motion for compassionate release, ECF No. 208, and his motion for relief, ECF No. 209. For the reasons that follow, the motions are DENIED.

**BACKGROUND**

Following a jury trial, Defendant was convicted of Transportation with Intent to Engage in Criminal Sexual Activity in violation of 18 U.S.C. § 2423(a) (Count I); and two counts of Travel with Intent to Engage in Illicit Sexual Conduct, in violation of 18 U.S.C. § 2423(b) (Counts II and III). *See* Jury Verdict, ECF No. 107; Indictment, ECF No. 4. On April 13, 2017, Defendant was sentenced to 400 months of imprisonment on Count I and 360 months of imprisonment on Counts II and III, to run concurrently, followed by five years of supervised release on each count. *See* Judgment 1–3, ECF No. 147. Defendant, who is 53-years old, is serving his sentence at Federal Correctional Institution ("FCI") Greenville and has a projected release date of December 21, 2043. *See Find an inmate*, Fed. Bureau of Prisons ("BOP"), www.bop.gov/inmateloc/ (search for Ralph David Hathaway) (last visited May 10, 2022). On

June 3, 2020, he filed a *pro se* motion seeking compassionate release due to the COVID-19 pandemic and his health conditions. Pro Se Mot. 1–3. The Federal Public Defender was appointed to represent Defendant in connection with the motion. *See* June 3, 2020 Text Order. The Federal Public Defender filed a motion to withdraw due to a conflict, Mot. Withdraw 1–2, ECF No. 206, which was granted, June 10, 2020 Text Order. In July 2020, Defendant filed a supplemental motion providing an update on his health condition and conditions at FCI Greenville. *See* Suppl. Mot. 1–2. Subsequently, he filed another motion asking for a ruling on his motion. *See* Mot. Relief 1–2. The case was reassigned to this Court in May 2022. *See* May 2, 2022 Text Order; May 9, 2022 Text Order.

## DISCUSSION

### I. Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

*Id.* § 3582(c)(1)(A)(i).[1] "[T]he movant bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction." *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (quotation marks omitted).

---

[1] The statute also states that the reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). But the Seventh Circuit has held that there is

II.    Analysis[2]

Defendant seeks compassionate release on the basis that he has an increased likelihood of complications if he contracts COVID-19 due to his pre-existing medical conditions. *See* Pro Se Mot. 2. He self-reports as having post-traumatic stress disorder, ringing in both ears, high cholesterol, breathing issues, an ulcer, restless legs, gastric issues, high blood pressure, and borderline diabetes. *Id.* Defendant further claims that he is clinically obese. *See* Suppl. Mot. 1. According to the United States Probation Office, Defendant has been diagnosed with diabetes and hypertension. Mem. 1, ECF No. 207. Thus, Defendant demonstrably has at least one condition—diabetes—which the Centers for Disease Control and Prevention ("CDC") states can make it more likely he will get very sick from COVID-19. *See People with Certain Medical Conditions*, CDC, www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 2, 2022).

But even if Defendant could establish extraordinary and compelling reasons for his release, the Court finds release unwarranted after consideration of the 18 U.S.C. § 3553(a) factors. Defendant was convicted of three extremely serious crimes involving a minor victim. He started an online relationship with a thirteen-year-old girl, who represented that she was eighteen, sometime in 2013. Revised Presentence Investigation Report ("PSR") ¶ 9, ECF No. 139. In June 2013, Defendant traveled from his home in Illinois to the victim's home in South Carolina and engaged in sexual conduct with her. *Id.* ¶ 10. In August 2013, Defendant traveled to South Carolina again; during that trip, the victim disclosed that she was only thirteen years old. *Id.* ¶ 11. Despite knowing her age, Defendant proceeded to have sexual contact with

---

currently no applicable policy statement with which a sentence reduction requested by a defendant under § 3582(c)(1)(A) must be consistent. *See United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020).

[2] The Court does not address exhaustion because it finds other bases for denying Defendant's request for compassionate release.

the victim again multiple times that trip and then made at least three more trips to South Carolina. *Id.* ¶¶ 11–14. After a brief period of no contact in 2014—which started because Defendant spoke to the victim's father and the victim's father attempted to have Defendant arrested—Defendant picked up the victim in South Carolina and brought her back to Illinois with him, having sexual contact with her along the way. *Id.* ¶¶ 14–16. When they arrived at Defendant's home, police took the victim into protective custody, *id.* ¶ 16, but Defendant continued to attempt to contact her, *id.* ¶¶ 18–19.

In sum, Defendant had a sustained sexual relationship with a minor and continued to pursue such a relationship with her even after she disclosed that she was thirteen years old, after her father tried to have Defendant arrested, and after she was taken into protective custody from his home. And Defendant continues to make excuses for this egregious conduct now. *See* Suppl. Mot. 1 (arguing that he "was not aware his action[]s were illegal" and that he "was not informed it was illegal"). Defendant was sentenced to a significant period of incarceration: 400 months or 33.33 years. Of the 400 months Defendant was sentenced to, he has served less than 84. *See* PSR 2 (indicating that Defendant has been detained since July 27, 2015). He has more than twenty years of his sentence left to serve. Releasing Defendant now would deprecate the seriousness of the offense and undermine the need to provide just punishment, the need to afford adequate deterrence, and the need to protect the public from further crimes of Defendant.

## CONCLUSION

Accordingly, Defendant Ralph David Hathaway's pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), ECF No. 205, supplemental motion for compassionate release, ECF No. 208, and motion for relief, ECF No. 209, are DENIED.

Entered this 10th day of May, 2022

s/ Sara Darrow
---
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE