IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>RALPH DAVID HATHAWAY, )<br>    Defendant. ) | Case No. 15-cr-30035 |

<u>OPINION</u>

**COLLEEN R. LAWLESS, U.S. District Judge:**

Before the Court is Defendant Ralph David Hathaway's Motion to Reduce Sentence. (Doc. 212).

**I.    BACKGROUND**

Following a jury trial, Hathaway was convicted of one count of transportation with intent to engage in criminal sexual activity and two counts of travel with intent to engage in illicit sexual conduct. The Court calculated his guideline range to be 324 to 405 months in prison. On April 13, 2017, the Court sentenced him to 400 months of imprisonment on Count I and 360 months of imprisonment on Counts II and III to run concurrently, followed by five years of supervised release on each count to run concurrently.

Hathaway requests a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), due to his deteriorating medical conditions and claim that he has been a victim of abuse while incarcerated. The Government argues Hathaway does not present extraordinary and compelling reasons to warrant early release, and his abuse claim is not properly before the Court.

## II.   MOTION FOR COMPASSIONATE RELEASE

A court ordinarily "may not modify a term of imprisonment once it has been imposed" because sentences are final judgments. 18 U.S.C § 3582(c). Section 3582(c)(1)(A) however authorizes a district court to reduce a defendant's sentence, after considering the sentencing factors described in 18 U.S.C. § 3553(a), if the court finds that (1) extraordinary and compelling reasons warrant a sentence reduction and (2) a sentence reduction is consistent with "applicable policy statements issued by the Sentencing Commission." The Sentencing Commission's policy statement applicable to compassionate release requests was recently amended. *See* Sentencing Guidelines § 1B1.13.

Section 1B1.13(b) describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a defendant's request for compassionate release: (1) medical circumstances of the defendant; (2) advanced age; (3) family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5) "other reasons" similar in gravity as those articulated in (1)–(4); and (6) an unusually long sentence. When evaluating whether compelling and extraordinary circumstances exist, a court must "consider[] the applicant's individualized arguments and evidence." *United States v. Rucker*, 27 F.4th 560, 563 (7th Cir. 2022). Ultimately, the defendant bears the burden of demonstrating "extraordinary and compelling reasons" warranting a sentence reduction. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

### A. Exhaustion of Remedies

As a threshold matter, a court may only consider a motion for compassionate release when the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ("BOP") to bring a motion on the defendant's behalf," or if thirty days have elapsed since the BOP has received a compassionate release request from the defendant. 18 U.S.C. § 3582(c)(1)(A). The exhaustion requirement is a mandatory claim-processing rule and must be enforced when properly invoked. *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021).

For example, in *United States v. Williams*, the Seventh Circuit held that "an inmate is required to present the same or similar grounds for compassionate release to the Bureau as in a motion to the court" to properly exhaust his claims. 987 F.3d 700, 703 (7th Cir. 2021). The Court explained that an inmate must do so in order to provide the BOP with the information necessary to evaluate the inmate's request. *Id.* at 703–04. Because the defendant-inmate in that case did not bring his motion under same or similar grounds as with the BOP, the Court found his claims properly dismissed as his administrative remedies were not exhausted. *Id.*

Hathaway requested relief from the BOP on January 16, 2024. The Government does not dispute that Hathaway's health claim is properly before the Court, as more than 30 days have passed since the relief was requested. The Government, on the other hand, argues that Hathaway's abuse claim is not, as it was not included in his initial request with the BOP. In response, Hathaway contends that his life and the lives of his family members would have been threatened if he made such a claim.

Hathaway included four claims when he submitted his requests to the BOP. (Doc. 212, Ex. B). His first three claims concerned his health and the BOP's ability to treat him. (*Id.*). His fourth claim merely stated, "my family circumstances." (*Id.*). Hathaway's argument that he was excused from the exhaustion requirement because he believed his life or his family's lives were in imminent danger is unavailing. The relevant portion of the guidelines concerning his abuse claim applies only to the requirement concerning how misconduct must be established, not to the exhaustion requirement. *See* U.S.S.G. §1B1.13(b)(4) ("For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger."). Because "[t]he government properly invoked [Defendant]'s failure to comply with § 3582(c)(1)(A)'s exhaustion requirement," and Hathaway has not refuted the Government's challenge to his failure to exhaust, his motion must be denied for that reason. *Sanford*, 986 F.3d at 782.

Even if the Court were to consider the merits of Hathaway's claim, it would still deny his motion. To establish a reduction under Subsection (b)(4), a defendant must prove that the misconduct was "committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant." *See* U.S.S.G. § 1B1.13(b)(4).

Other courts have held that when there is no direct involvement by the BOP, a defendant's safety or security fears are not an extraordinary or compelling basis for compassionate release. *See, e.g., United States v. O'Neill*, 735 F. Supp. 3d 994, 1030–31 (E.D.

Wis. May 23, 2024). In *O'Neill*, for example, the defendant alleged that five inmates attacked him, causing long-term spinal damage, diminished motor skills, a concussion, and an extradural hemorrhage. *Id.* at 1004. The defendant was attacked several more times and "spent a combined 19 months in special housing" to recover. *Id.* at 1005. The district court rejected his argument that these circumstances were an extraordinary and compelling reason because Subsection (b)(4) did not provide for it. *Id.* Instead, the Court suggested that the appropriate vehicle for the defendant's complaints concerning his prison conditions is 42 U.S.C. § 1983. *Id.* at 1027.

Hathaway acknowledges that the alleged sexual abuse did not occur by or at the direction of BOP employees. He instead argues that BOP staff failed to prevent abuse. But Subsection (b)(4) was drafted as a response to the DOJ's suggestion that compassionate release may be appropriate in certain cases of abuse orchestrated *by* BOP employees. *See* U.S. Sent'g Comm'n, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index* 9–10 (Nov. 1, 2023); The Principal Associate Deputy Att'y Gen. Working Grp. of DOJ Components, *Report and Recommendations Concerning the Department of Justice's Response to Sexual Misconduct by Employees of the Federal Bureau of Prisons* 24 (Nov. 2, 2022). The BOP's lack of culpability thus runs contrary to the purpose of Subsection (b)(4). Just as the court in *O'Neill* observed, safety concerns due to the conduct of other inmates does not implicate Subsection (b)(4) and is not "similar in gravity" to that provision. Therefore, Hathaway's claim does not justify a reduction in his sentence.

### B. Forfeiture

In his Reply, Hathaway presents a novel argument concerning his family member's health, which was not raised in his motion nor submitted to the BOP. (Doc. 218 at 8). "Arguments raised for the first time in a reply brief are waived." *Damato v. Sullivan*, 945 F.2d 982, 988 n.5 (7th Cir. 1991); *see also Williams*, 987 F.3d at 703. The Court will not consider the argument.

### C. Medical Conditions

In some cases, a defendant's medical condition may be a compelling and extraordinary reason. 18 U.S.S.G. § 1B1.13(b)(1). The Guidelines provide that compassionate release could be warranted when the defendant is suffering from a terminal illness; a serious physical or medical condition, functional or cognitive impairment, or deteriorating physical or mental health due to age "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he is not expected to recover"; or "a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." *Id.* § 1B1.13(b)(1)(A)–(C).

Hathaway suffered from a serious leg injury and the BOP, he argues, "refus[ed] to provide him treatment and . . . proper pain medication." Hathaway also contends he has long COVID-19 and the BOP cannot provide him the specialized treatment he believes is necessary.

In support, Hathaway attached messages he sent to BOP medical staff, but he failed to provide any medical records documenting his health or conditions, or any other materials suggesting that he needs specialized treatment and is not receiving such treatment. As a result, he has failed to establish that he has a serious medical condition or any condition that requires specialized medical care. *See United Stated v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021) (movant bears burden of proving extraordinary and compelling circumstances); *see also United States v. Scott*, 850 F. App'x 449, 451 (7th Cir. 2021) (defendant failed to prove a serious medical condition warranting release when he failed to furnish any materials demonstrating severity of condition).

Further, Hathaway's leg injury was known to the Court at the time of his sentencing, as it was detailed in his presentence investigation report. (Doc. 139 at ¶ 54). Because the Court considered this medical condition at the time of the sentencing, it does not support his claim for compassionate release. *See United States v. Wrice*, 2021 U.S. App. LEXIS 39595, at *2 (7th Cir. Dec. 20, 2021) ("[F]acts known at the original sentencing cannot justify a later reduction[.]"); *United States v. Rimpson*, 2021 U.S. App. LEXIS 38176, at *2–3 (7th Cir. Sept. 22, 2021) ("The district judge knew their ages when it imposed the sentences initially, and so that fact provides no reason—let alone an extraordinary and compelling one—to reduce those sentences now.").

Hathaway additionally argues a new outbreak of COVID-19 has made him more vulnerable to the virus while incarcerated due to his underlying medical conditions. The Seventh Circuit, however, has consistently affirmed rejections of compassionate release based on an inmate's risk of contracting COVID-19. *See United States v. Broadfield*, 5 F.4th

801, 803 (7th Cir. 2021) ("[F]or the many prisoners who seek release based on the special risks created by COVID-19 for people living in close quarters, vaccines offer relief far more effective than a judicial order.... "[T]he availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) ("[Defendant] has never contended that he is medically unable to receive or benefit from the available [COVID-19] vaccines."). Hathaway has not demonstrated that he is unable to receive or benefit from the vaccine. *See Ugbah*, F. 4th at 597.

Even assuming that Hathaway has a high risk of severe complications in the event of an infection, he "has not provided any data suggesting that he is at greater risk of a dire outcome inside prison than he would be outside—and if he would remain at comparable risk outside prison, the possibility of infection cannot be described as an 'extraordinary and compelling' consideration supporting release." *United States v. Vaughn*, 62 F.4th 1071, 1071–72 (7th Cir. 2023) ("The vaccination rate among federal prisoners and guards is substantial, and for all we can tell prisoners today are safer inside than they would be outside."). The Court finds Hathaway's medical conditions and risk of COVID-19 or other infectious diseases are not "extraordinary and compelling" reasons for his release.

### D. Additional Circumstances

Hathaway asserts a right to relief under Section 1B1.13(b)(5) based on the totality of his circumstances. This policy amendment has been described as a "catch-all," as it can encompass all or parts of Subsections (b)(1)–(4). Relief under (b)(5) can be based on these

circumstances alone or in combination, or on circumstances "similar in gravity" to those specifically identified in Subsections (b)(1)-(4). U.S.S.G. § 1B1.13(b)(5).

In support of this, Hathaway states that he is 55 years old and is experiencing serious medical issues. Hathaway argues that these circumstances are "similar in gravity" to Subsection (b)(2). Subsection (b)(2) allows for a defendant's age to be considered an extraordinary and compelling factor if the defendant "(A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13(b)(2). As noted previously, Hathaway has not provided any medical records to suggest that his medical conditions are worsening or to establish the severity of his conditions. Hathaway's reliance on Subsection (b)(2) — which does not apply to him — is unavailing.

Hathaway also compares his circumstances to those described in Subsection (b)(6). That policy statement provides:

> Unusually Long Sentence. — If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Notably, this provision is not included in the "catch-all" provision of Subsection (b)(5), and Hathaway acknowledges that he has not served 10 years of his sentence. He

does not cite to a change in the law and does not make any argument demonstrating that his sentence was "unusually long." His comparisons to this provision do not aid him under either policy statement.

Finally, Hathaway urges this Court to consider the cumulative effect of the aforementioned factors. For the reasons previously discussed, those factors do not cumulatively provide a basis for relief under Subsection (b)(5).

### E. Section 3553 Factors

Having determined Hathaway has not presented an extraordinary and compelling reason warranting compassionate release, the Court is not required to consider the § 3553(a) factors. *Ugbah*, 4 F.4th at 598 ("Because [Defendant] cannot establish an extraordinary and compelling reason for release, it was unnecessary for the district judge to consider the § 3553(a) factors at all."). For completeness, however, the Court briefly analyzes the sentencing factors and finds that, even if Hathaway had demonstrated an extraordinary and compelling reason, the Section 3553(a) factors weigh against compassionate release. Section 3553(a) factors include the following: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, or treatment. 18 U.S.C. § 3553(a).

While it is true Hathaway has taken numerous courses while incarcerated, expressed remorse for his actions, and has had no violations at the BOP, the remaining Section 3553(a) factors weigh against compassionate release. Hathaway was convicted of

three serious offenses involving a minor victim. He began his relationship with her when she was 13 years old while he was 45. Although she initially misrepresented her age, Hathaway continued to have sexual contact with her even after he learned that she was 13. He went to the minor's home in South Carolina and brought her back to Illinois with him after picking her up from her middle school. When they arrived at his home, the police took the minor into protective custody, but Hathaway kept attempting to contact her. Hathaway also received an enhancement for obstruction of justice after he falsely testified during his trial.

Hathaway was sentenced within the guidelines to 400 months imprisonment and has served less than ten years of that sentence. Releasing Hathaway now would not reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, or protect the public from future crimes.

### III.   CONCLUSION

For the foregoing reasons, Ralph Hathaway's Motion for Compassionate Release (Doc. 212) is DENIED.

ENTER: October 8, 2025

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE